FLORENCE M. DEMAREST V. JOHN H. PALMER, CIRCUIT JUDGE OF NEWAYGO COUNTY.

NEW TRIAL—GRANTING OF DISCRETIONARY WITH TRIAL COURT.

Relator applied for *mandamus* to compel the respondent to vacate an order granting a new trial in an action of ejectment brought by relator, and reinstate the judgment rendered in her favor. An order to show cause was denied, the Court not attempting to pass upon the merits of the question raised, but holding that it was discretionary with the lower court to grant a new trial.

*W. D. Fuller*, for relator, contended:

1. That on granting the motion for a new trial the respondent stated that he did so solely upon the ground that the deed could not be attacked in ejectment by showing the mental incompetency of the grantor to make it, but that resort must be had to a court of equity to set it aside; that on a second trial the plaintiff will be met by this same ruling, and as this is the vital question in the case, and if decided in favor of the contention of the defendant the present action must be abandoned, this Court should settle the question upon this application, and thus save both parties the expense of a second trial, and an appeal to this Court, if the contention of the defendant be well taken.

2. That in *Lynch v. Doran*, 95 Mich. 395, the sole question in issue was whether or not the trial court erred in directing a verdict for the defendants on the ground that the plaintiffs had introduced no evidence tending to show the incompetency of Mr. Doran to execute the deed under which the defend-

ants claimed title; that on page 406 this Court, after reviewing the testimony offered to show such incompetency, say:

"It is unnecessary to state the evidence on the part of the defendants. It was in direct conflict with plaintiffs' evidence upon those facts which are claimed to establish incompetency. If the plaintiffs made a case from which mental incapacity may fairly be inferred, they were entitled to have the case submitted to the jury."

That while the ruling of the circuit judge was sustained as justified by the want of evidence to show such mental incapacity, the case seemed to be authority in favor of the right to attack a deed in ejectment on the ground stated.

3. That in *Moran v. Moran*, 63 N. W. Rep. 989 (106 Mich. ——), upon which the respondent based his action in granting a new trial, the facts were entirely different than in *Lynch v. Doran*; that the action was brought by the guardian of an incompetent person for the avowed purpose of setting aside a deed which he had executed prior to being adjudged incompetent; that equities existed in favor of the defendants growing out of the payment to the grantor and to his wife of moneys on account of the deed, which could only be fully settled in the equity court; that were it not for the fact that the Court lay down the general proposition that a deed executed by an incompetent person is not void, but only *voidable*, the case would easily be distinguished from *Lynch v. Doran*; that be this as it may if the true construction of the decision in *Moran v. Moran* is to the effect that under no circumstances can the question of the invalidity of a deed on the ground of the alleged mental incapacity of the grantor to execute it be tried in an action of ejectment or other action at law, no reason is seen why such announcement cannot properly be made on this application, especially as there is at least a seeming conflict between the cases cited on this question.

4. That no equities are involved in this case; that the attorney for the defendant admitted on the argument of the motion for a new trial that the defendant paid no valuable consideration for the deed, hence the clean cut question is fairly presented, and it is hoped that the Court may see its way clear to decide it, and thus remove all doubt on the subject.

The facts as alleged in the petition for *mandamus* were:

1. That relator is plaintiff in an action of ejectment pending in the circuit court for the county of Newaygo, in which she

seeks to recover the undivided one-half of certain lands in said county from Harriet Demarest, the defendant; that the declaration is in the usual form; that the defendant's plea is the general issue, and that no question as to the sufficiency of the pleadings has been made.

2. That a trial of the issue thus formed was had before a jury at the last June term of said circuit court; that on June 21, 1895, a verdict was rendered in favor of your petitioner, awarding to her as owner in fee the interest in said land claimed in her declaration, and that thereupon the usual judgment for a plaintiff in ejectment was entered upon said verdict, except that no writ of restitution was awarded.

3. That on September 3, 1895, a new trial was granted in said case upon the motion of defendant.

4. That by stipulation of the attorneys for the respective parties the following facts were admitted for the purposes of said trial, namely:

a—That on April 20, 1893, George Demarest was the owner in fee of the lands described in plaintiff's declaration.

b—That on May 4, 1893, George Demarest died leaving as his sole heirs at law the plaintiff, who is the daughter of a deceased brother of said George Demarest, and the defendant, who is the widow of said George Demarest, which heirs would under the statute inherit equally all of the real estate of which said George Demarest died seized and possessed.

c—That at the time of the commencement of this suit the defendant was in possession of the lands described in plaintiff's declaration, and claimed to be the sole and absolute owner of the same, and to hold said lands adversely to the plaintiff.

5. That after reading said admitted facts to the jury the plaintiff rested her case; that thereupon the defendant offered in evidence the record of a warranty deed, purporting to have been executed by the said George Demarest to the said defendant on April 13, 1893, and conveying to her the lands described in plaintiff's declaration, which deed was received in evidence, and thereupon the defendant rested her case.

6. That thereupon the plaintiff offered to show on rebuttal that at the time of the execution and delivery of said deed the grantor, George Demarest, was mentally incompetent to execute and deliver the same, which proposed testimony was objected to by the defendant upon the ground that such alleged mental incapacity could only be shown in support of a bill in equity filed to set aside said deed on that ground; that said objection was overruled, and the plaintiff permitted to introduce testimony tending to show such mental incapacity on the part of said George Demarest; that this was the sole defense made by the plaintiff against said deed and in aid of her original case; that in order to render a verdict in favor of the plaintiff the jury must have found, under the charge of the court, such mental incapacity, and as a consequence the invalidity of said deed.

7. That as stated by the circuit judge a new trial was granted on the *sole* ground that the plaintiff could not show in said action of ejectment that said George Demarest was mentally incompetent to execute and deliver said deed, but must resort to a court of equity to set aside said deed on that ground; that said circuit judge stated that his holding was based upon the decision of this Court made in *Moran v. Moran*, 63 N. W. Rep. 989, and that in the absence of that decision the ruling made upon the trial would be adhered to as within the decision in *Lynch v. Doran*, 95 Mich. 395, and the motion for a new trial would be denied.

8. That it was admitted by the defendant's attorney on the argument of said motion for a new trial that no valuable consideration was paid by the defendant for said deed.